**Order entered June 13, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-21-00173-CV**

**TAMI DONALD, JERRY MOORE, AND SUMMIT SPRING WATER COMPANY, INC., APPELLANTS**

**V.**

**BMR DISTRIBUTING, INC., RHONE WATER COMPANY INC. D/B/A FROSTY'S WATER, BRIAN ROSE, NORTH TEXAS MOUNTAIN VALLEY WATER CORP., AND WATER EVENT GULF COAST, LLC, APPELLEES**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-08127**

### ORDER

This is an appeal from a document titled "Final Judgment" that was signed on December 17, 2020.

In the trial court, the defendants Brian Rose, North Texas Mountain Valley Water Corp., and Water Event Gulf Coast, LLC (collectively, Rose Defendants) filed motions for summary judgment, which the trial court granted. However, no

dispositive motions were filed as to the remaining two defendants (BMR Distributing, Inc. and Rhone Water Company, Inc.) before the December 17, 2020 Final Judgment was entered. Plaintiffs filed an amended motion for new trial and to modify, correct, or reform the judgment in which the plaintiffs stated, among other things, that the trial court erred by dismissing their claims against BMR Distributing and Rhone Water. On February 26, 2021, during the hearing on the plaintiffs' amended motion for new trial, counsel for the Rose Defendants indicated they were not opposed to the relief plaintiffs sought as to BMR Distributing and Rhone Water; counsel stated that if the trial court granted that relief, then the Rose Defendants would move to sever the claims against them so that their summary judgments could become final and appealable. During the hearing, the trial court stated it would grant the plaintiffs' request to amend the final judgment and remove BMR Distributing and Rhone Water so that the plaintiffs' claims against BMR Distributing and Rhone Water could continue. However, no amended final judgment was ever entered.[1]

If an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it may abate the appeal to permit clarification by the trial court. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Accordingly, we **ORDER** the case **ABATED**. We **REMAND** the case to the trial

---

[1] A review of the record indicates the visiting trial court judge believed the trial court's plenary power expired and, accordingly, he did not sign an amended final judgment.

court so that the trial court may clarify whether the appealed order is a final judgment. We **ORDER** the trial court to file a supplemental clerk's record containing the trial court's clarifying order or orders with the Clerk of this Court on or before **July 12, 2022**.

This appeal will be reinstated when the supplemental clerk's record is filed with this Court, or the Court may reinstate the appeal on its own motion.

/s/    ERIN A. NOWELL
PRESIDING JUSTICE